## EDMOND v. UNITY INDUSTRIAL LIFE INS. CO., Inc.
### No. 4364.

Court of Appeal of Louisiana. Second Circuit.

June 10, 1932.

Bryan E. Bush, of Shreveport, for appellant.

A. A. LeRosen, of Shreveport, for appellee.

PALMER, J.

This is a suit to recover the sum of $116.-36, with interest, which plaintiff claims is due him as a refund on a cash bond he put up with defendant in lieu of a fidelity bond. Plaintiff alleges that, while in the employ of the defendant company, as agent and collector, he was required to deposit a cash bond with the defendant, "equal to 150% of the debit values of his collection route," with the agreement that this deposit was to be refunded him by defendant within thirty days after termination of his connection with said company; and that he was given the right to remit 15 per cent. of his debit values in cash at the time of the said requirement, and thereafter to deposit with defendant 5 per cent. of said debit values weekly until he had deposited the said 150 per cent.; and that the said bond was given merely to guarantee that he would pay in to the company the proceeds of all collections he made for the company.

Plaintiff further alleges that his contract with defendant was terminated on or about the 13th day of May, 1929, at which time his said cash bond deposit amounted to $116.36, the amount demanded in this suit, which sum defendant had refused to refund to him, notwithstanding he checked out at the time his said contract was terminated without being indebted to the defendant in any way.

He further alleges that, under his agreement covering the said cash bond deposit, he is entitled to interest on the amount of said deposit at the rate of 3 per cent. per annum from March 23, 1929.

Defendant joined issue in the case by entering a general denial. In the alternative, it pleads that the condition of the said cash bond deposit required of plaintiff the duty of complying with the rules and regulations of the company in the discharge of his work done in behalf of the defendant, and that plaintiff caused defendant to issue a policy on the life of Lessie L. Bass without having inspected the applicant for insurance, according to the rules and regulations of the company, and that, if plaintiff had discharged that obligation, defendant would not have issued the policy, on which it sustained a loss of $400 upon the death of said insured.

Defendant further alleges that it was compelled to pay to the beneficiaries of said insured the sum of $400, and that, by virtue of plaintiff's breach of his obligation to defendant in writing said policy, he is indebted unto defendant in the amount of one-half the amount they paid the said beneficiaries, which they name as $200, the other $200, they allege, being charged to the superintendent of the company at Shreveport, because he too failed to comply with the regulations of the company by not inspecting the applicant for insurance.

In defendant's alternative plea, it alleges that it has a right to apply the said deposit plaintiff sues for on an offset to the $200 alleged to be due defendant by plaintiff, and that it is entitled to a judgment against plaintiff in reconvention in the sum of $83.64, representing the balance due it after said adjustment.

The case was tried in the city court of the city of Shreveport, resulting in a judgment for plaintiff, as prayed for. While the judgment itself did not mention defendant's reconventional demand, yet, in the written opinion of the court below, it is adjudged that defendant's demands in reconvention be dismissed at its cost. From this judgment defendant prosecutes this appeal.

### Opinion.

The evidence is undisputed that, as a matter of fact, plaintiff did deposit with the defendant the said sum of $116.36, and that defendant was to refund it, with 3 per cent. per annum interest at the termination of plaintiff's contract, unless, of course, defendant was entitled to withhold it in the exercise of its right of protection from losses it sustained and which were covered by plaintiff's guaranty. Plaintiff, therefore, clearly established his claim in chief, unless defendant destroyed his proof in support of its claims of offset and reconvention.

After defendant had filed its answer and set up its pleas of offset and reconvention, plaintiff moved to strike out of defendant's answer certain allegations pertaining to defendant's claims of offset and reconventional demand for reasons substantially as follows: That such claims by defendant are independent of the main demand which plaintiff is prosecuting in this case, and is not incidental to or connected therewith, being entirely separate and distinct. Plaintiff, in its motion to strike out, also pleads that, if his said motion is not sustained, the said claims of defendant are barred by the prescription of one, three, and five years.

When defendant offered its proof in support of its claims of offset and reconventional demand, plaintiff objected, stating as his objection the same reasons as are set forth in his motion to strike out. The evidence was admitted by the trial judge, subject to the objection.

In passing on the case, the trial judge did not specifically pass upon these objections, and, inasmuch as the evidence is in the record, although there subject to plaintiff's objections, we too have followed the same course pursued by the trial judge, and find it unnecessary to pass on the said objections. We also find it unnecessary to pass upon the plea of prescription.

As a matter of fact, defendant clearly failed to sustain its charge that plaintiff failed to properly inspect the applicant for insurance at the time the application was obtained or the policy was delivered. Without meeting the burden of proof in this regard, defendant's said special pleas necessarily fall. The evidence, therefore, not only fails to sustain these pleas of defendant, but, on the contrary, preponderates in favor of plaintiff that he discharged such responsibility at the time of securing the application. His undisputed testimony is to the effect that he did inspect her, just as he did in all cases, and that she did bear the appearance of good health at the time. This was all the company required.

The death certificate in the record shows that the insured died on May 24, 1928, of pulmonary tuberculosis. It appears that the policy was issued on May 16, 1927, just about one year prior to the death of the insured. The same doctor who issued the death certificate testified that in his judgment the tuberculosis of which the insured died was contracted about six months prior to her death. He further testified that the insured died from peritonitis, resulting from childbirth, and that therefore she died of tuberculosis and peritonitis, but tuberculosis was the proximate cause. Defendant makes no effort to disprove the doctor's testimony that the tuberculosis was acute in form and was contracted, in his opinion, about six months prior to her death.

At any rate, we think the evidence preponderates in favor of the fact that plaintiff, at the time of securing this application, gave the insured such inspection and examination as he was capable of giving, and such as he usually gave in all such instances, and that she at the time appeared to be in good health. The evidence shows that she worked long after the insurance was issued.

We are therefore of the opinion that the judgment of the trial court is correct, and it is accordingly affirmed; defendant appellant to pay all costs of appeal.